### UNITED STATES of America

### v.

### Kenneth SCALES, Defendant

### No. CRIM.04–90–P–H.

United States District Court, D. Maine.

Nov. 2, 2004.

Darcie N. McElwee, Assistant U.S. Attorney, Portland, ME, for United States of America.

Thomas L. Goodwin, Strike, Goodwin & O'Brien, Portland, ME, for Kenneth Scales, Defendant.

## ORDER OF DETENTION

HORNBY, District Judge.

The grand jury in this District indicted Kenny Scales[1] on August 11, 2004. The Indictment was secret. It charged that Scales possessed a stolen pistol on about August 9, 2003, in violation of 18 U.S.C. § 922(j). It also charged that he used the pistol to commit aggravated assault resulting in bodily injury to a victim, factors that could affect the sentence if Scales is convicted. The United States Marshals Service procured Scales's arrest through local law enforcement on September 20, 2004, in Brockton, Massachusetts. On that date the Indictment was unsealed.

Scales had a detention hearing before Magistrate Judge Dein of the District of Massachusetts on September 27, 2004, and October 6, 2004. Based upon testimony from the defendant's twin brother, who works as a security officer, Magistrate Judge Dein was prepared to release the defendant to home confinement in the third party custody of his brother, subject to electronic monitoring. But outstanding Maine state court warrants (at least one growing out of the same conduct that is the subject of the federal Indictment) and a dispute over what law enforcement agency would transport the defendant to and from Maine to deal with those warrants complicated the matter. As a result, Magistrate Judge Dein issued an Order of Release on the premise that Scales would not actually be released, but that Maine state law enforcement would immediately obtain custody through Massachusetts po-

1. According to his lawyer, that is his correct name, rather than Kenneth Scales as stated in the Indictment.

lice and extradite him to Maine. That is exactly what took place. Her order also contemplated that if Scales successfully resolved the outstanding Maine warrants, he would return to Massachusetts to have the third party custody and electronic monitoring imposed.

■ Here in Maine in state custody, Scales has now taken care of the outstanding warrants and the state court has ordered him released on cash bail of approximately $2,000.[2] Scales has not yet posted that amount, but the United States Attorney is concerned that release is imminent. Accordingly, the United States has requested *de novo* review of Magistrate Judge Dein's earlier order setting conditions of release. Now that Scales has been arraigned in this District and is here physically, this federal court, rather than the District of Massachusetts, has jurisdiction over the question of pretrial release or detention. The United States requests that Scales be detained federally. The United States is entitled to *de novo* review of the Magistrate Judge's Order of Release under 18 U.S.C. § 3145(a)(1); *United States v. Huckabay*, 707 F.Supp. 35, 37 (D.Me.1989).[3]

On November 1, 2004, I presided at an evidentiary hearing at which the Government presented testimony. I have also reviewed the transcripts of the hearings before Magistrate Judge Dein, as well as the Pretrial Services Report from Massachusetts as supplemented by the Maine Probation Office, and the various law enforcement exhibits attached to the Government's motion. I did not receive the documentary exhibits that were admitted at the evidentiary hearing in Massachusetts.

■ The standards for pre-trial detention are clear:

> If, after a hearing …, the judicial officer finds that no condition or combination of conditions will reasonably assure [1] the appearance of the person as required and [2] the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e). The Rules of Evidence do not apply, but any finding about risk to the safety of others and the community must be based upon "clear and convincing evidence." 18 U.S.C. § 3142(f). Magistrate Judge Dein made no findings on safety because she labored under the impression that it was not an issue. I am disturbed that the United States Attorney's Office in the District of Massachusetts did not raise the issue before Magistrate Judge Dien, and that the issue is being raised now for the first time in this review motion here in Maine. Nevertheless, I address the issue directly.

The asserted risk of danger to others and the community arises primarily out of the following:

■ 1. The bar incident that provoked the current charge, which allegedly involved the defendant striking another male in the cheek with a pistol, raising swelling and drawing blood; and

2. Three domestic assaults in a two-month period on three women in Lewiston, Maine. Scales had intimate relationships with two of the women, in one case fathering a child. Scales assaulted the third woman in connection with a dispute involv-

---

**2.** That is apparently the amount on the one felony charge. There are also pending misdemeanor charges, and the bail is $1,500 on each such charge, but these amounts are not cumulative.

**3.** Scales is currently before the court on a writ of habeas corpus ad prosequendum.

ing Scales and one of his intimate partners.

Were the defendant to be returned to Lewiston, I would certainly be concerned about the recurring likelihood of domestic violence. But upon *de novo* review, I find that the conditions contemplated by Magistrate Judge Dein, namely third-party custody by Scales's brother in Dorchester, Massachusetts, coupled with electronic monitoring and home detention, would reasonably assure the safety of these domestic partners, as well as reasonably assure avoiding the type of bar incident that produced the current federal charge. Certainly I cannot find by clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community," the statutorily demanded standard. *See* 18 U.S.C. § 3142(f).

I turn therefore to the other factor, "appearance of the person as required." *See id.* Although the Government's moving papers initially charged that the defendant was exceedingly difficult to locate (a process assertedly taking more than six months), we know now that a Secret Indictment was first filed August 11 and that the United States Marshals Service had located and arrested the defendant by September 20. It is true that the defendant historically seems to have moved around a lot in terms of where he actually spends his nights, but that moving has been restricted to Maine and Massachusetts, specifically Lewiston in Maine and mostly Brockton in Massachusetts where Scales has family. In fact, during the spring and summer of this year, Lewiston authorities were able to locate Scales for arrest. If

that were the extent of the record, I would be inclined to agree with Magistrate Judge Dein that conditions of home confinement with electronic monitoring in the third-party custody of his brother would reasonably assure Scales's appearance. This past week, however, Scales made statements to a deputy United States Marshal (transporting him to federal court for arraignment) that he had somehow learned of the federal Indictment before his arrest and had avoided staying with family for fear that the authorities would locate him for arrest.[4] That statement, coupled with Scales's history of violating State-imposed conditions of release or defaulting on appearance requirements (admittedly low-level issues that were later resolved) lead me to conclude that the third-party custody arrangement with electronic monitoring will not reasonably assure his appearance, and that if I release him now under those conditions, the United States Marshals Service eventually will have to go look for him once again. I also observe that Scales is confronting his first serious imprisonment time since becoming an adult, an additional component of the risk of flight.

Consequently, I now find that no condition or combination of conditions will reasonably assure the appearance of Scales as required. I therefore order him DETAINED. I DIRECT that he be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; DIRECT that he be afforded reasonable opportunity for private consultation with counsel; and DIRECT that, on order of a court of the United States or on request of an attorney

---

4. He also stated that he avoided a family reunion for the same reason. The reunion, however, apparently was in July and there was no federal indictment until August. I draw no inferences from that statement. (There were state charges outstanding at the time of the reunion, and Scales may have confused them.)

for the Government, the person in charge of the corrections facility in which Scales is confined shall deliver him to a United States Marshal for the purpose of appearance in connection with a court proceeding.

So ORDERED.